BANK OF CUMBERLAND *versus* WILLIAM MAYBERRY.

. A note signed and delivered on Sunday, as between the parties, is invalid; but if delivered on any other day, it is valid, though signed on Sunday.

As between the original parties, evidence is admissible to show when a note was in fact signed and delivered, whatever may be its apparent date.

A note signed and delivered to the payee on Sunday, but bearing date on another day, is valid in the hands of a *bona fide* holder, without notice of the defect.

*It seems* that an *accommodation* note, made on Sunday and indorsed by the payee on Monday, then first becomes a completed contract, and is therefore valid.

ON EXCEPTIONS to the ruling of HATHAWAY, J.

ASSUMPSIT upon a promissory note, bearing date July 13, 1857, signed by the defendant, payable to John Dow, in four months, and by him indorsed to the plaintiffs.

The defence was, that the note was signed and delivered by the defendant to said Dow on the *twelfth* day of July, 1857, (Sunday,) between midnight preceding and sunset of that day.

It appeared in evidence, that the note was written on Saturday, was signed by the defendant and delivered to Dow on Sunday, and by him indorsed to the plaintiffs on Monday, the

day of its apparent date; that it was discounted by the plaintiffs, and the proceeds paid to Dow in the regular course of business, and that they had no notice that it was made on any other day than the day of its date.

The Judge instructed the jury, that the facts testified to by the witnesses constituted no defence to the note. The verdict being for the plaintiffs, the defendant excepted.

*J. C. Woodman,* for defendant, in support of the exceptions.

I. The plaintiff may prove there is an error in the date of an instrument. *Trafton* v. *Rogers,* 13 Maine, 321; *Johnson* v. *Farwell,* 7 Maine, 370, 373.

He may prove there is an error in the date of a note, for the purpose of showing it was made a year later than it purports to be; that it was not made on Sunday, and that it was not overdue when he took it. *Drake* v. *Rogers,* 32 Maine, 524.

If the plaintiff can be allowed to prove an error in the date, for the purpose of showing it was not made on Sunday, it follows that the defendant may show that there is an error in the date, and that the note was made and delivered on Sunday.

II. But the question of the admissibility of the evidence cannot now be raised. The evidence was admitted, and the only question now is as to the correctness of the instructions.

1. By R. S., 1841, c. 160, § 26, all business upon the Lord's day, works of necessity and charity excepted, is prohibited. In § 28, the meaning of the term "Lord's day" is defined. The case shows that this note was made on the "Lord's day" within the meaning of the term as there defined.

It has been repeatedly decided that a note made and delivered on that day cannot be enforced. *Towle* v. *Larrabee,* 26 Maine, 464; *Merriam* v. *Stearns,* 10 Cush., 257; *Burtin* v. *Rogers,* 11 Cush., 346; see also 27 Alabama, 281, and

*State* v. *Suhur*, 33 Maine, 39, where the same principle is affirmed.

2. But the further question arises, whether the note shall be held valid in the hands of an innocent holder without notice.

It is apprehended, that this must turn upon the question whether the note was *void*, or only *voidable* in the hands of Dow.

There is a marked distinction between notes that are *void* and those merely *voidable*. "A promise subsequently made will revive that which is *voidable* only; but where the consideration is void in its creation, no promise can set it up again." 1 Com. on Con., 25.

"But the current of recent decisions in England is rather in favor of the view, that the promise of a married woman has not, when given, any legal force, and therefore, is *not voidable but void*, and cannot be ratified by a subsequent promise after the coverture has ceased, nor be regarded as a sufficient consideration for a new promise. And a late case in New York takes the same ground very decidedly." 1 Parsons on Con., 361.

Notes given without consideration, or upon a fraudulent consideration are not void, but voidable and in the hands of an innocent indorsee, &c., they become valid.

But securities for gambling debts, or on a usurious consideration, (under former statutes,) were made absolutely void. Stat., 9 Anne, c. 14; 12 Anne, c. 16; Mass. Stat., 1785, 1783; R. S., 1821, c. 18, § 1, and c. 19, § 1.

Under these statutes, it was held, *that as the security was void*, it was void in the hands of an innocent indorsee for a valuable consideration. 1 Com. on Con., 40, 42; *Lowe* v. *Walker*, Douglas, 736; *Bowyer* v. *Bampton*, 2 Strange, 1155; *Churchill* v. *Suter*, 4 Mass., 161; *Chadbourne* v. *Watts*, 10 Mass., 123; see also 1 Story's Equity, § 345, note 1, where the distinction between contracts which are voidable and those which are void is discussed.

A note, that is void, is a nullity, and there is nothing to transfer by indorsement.

If, therefore, this note in the hands of Dow was *void*, and not merely *voidable*, the plaintiffs cannot recover upon it.

The general rule is, that a contract in violation of a statute is *void*. Chitty on Con., 764. This rule has been almost uniformly applied to contracts made on Sunday, and they have been declared to be *void*. *Kepner* v. *Keefer*, 6 Watts, 231; *Merriam* v. *Stearns*, 10 Cush., 257; *Hussey* v. *Rogeumore*, 21 Ala., 281; *State* v. *Suhur*, 33 Maine, 539; *Towle, Adm'r*, v. *Larrabee*, 26 Maine, 464; *Northop* v. *Foote*, 14 Wend., 249; *Drury* v. *Defontaine*, 1 Taunt., 135; *Wright* v. *Geer*, 1 Root, 474; *Strong* v. *Elliott*, 8 Cowen, 30; *Smith* v. *Sparrow*, 4 Bingham, 84; *Frost* v. *Hill*, 4 N. H., 153; *Shaw* v. *Dodge*, 5 N. H., 462; *Clough* v. *Davis*, 9 N. H., 501; *Allen* v. *Deming*, 14 N. H., 139. In the last case cited, the facts were very similar to those in the case at bar, and it was held, that the plaintiff could not recover.

*Anderson & Webb*, for plaintiffs, argued—

I. The note, being given to pay a note held by the plaintiffs, remained the property of the defendant until it was transferred to them on Monday; and the fact that it was signed on Sunday does not affect its validity. *Hilton* v. *Houghton*, 35 Maine, 143.

II. It is not competent for the defendant to set up this defence to the note when in the hands of an innocent indorsee without notice. *Bloxsome* v. *Williams*, 3 B. & C., 232; *Greene* v. *Godfrey*, 44 Maine, 25.

An innocent indorsee has the right to regard the date on the face of the note as the true date. *Huston* v. *Young*, 33 Maine, 85.

The case of the word "void" in the decisions in relation to contracts made on Sunday, is to be construed as referring to those who are privy to the illegality of the contract. *Fennel* v. *Ridler*, 5 B. & C., 406.

The opinion of the Court was drawn up by,

APPLETON, J. — The plaintiffs, as indorsees, claim to recover on a note signed by the defendant, and received by them in the ordinary course of business, without notice of any fact impeaching its validity. The note purports to have been made on a day other than Sunday.

The defence interposed is, that the note, notwithstanding its apparent date, was in fact made and delivered by the maker to the payee on Sunday.

A note signed and delivered on Sunday, as between the parties, is invalid. It is otherwise, if it be only signed on that day and subsequently delivered. *Hilton* v. *Houghton*, 35 Maine, 143; *Allen* v. *Deming*, 14 N. H., 139.

If the note in suit was an accommodation note, and without consideration, as between the parties, the payee could not recover. The note would derive its validity from its indorsement. It could not be regarded as an instrument binding and effective until indorsed for the purposes for which it was made. As the indorsement of the note was not until Monday, if it is to be regarded as accommodation paper, it would seem that it was then first delivered as a binding contract, and the action is maintainable.

It is unquestioned law, that a note erroneously dated on Sunday may be shown to have been misdated, and proof may be received of its true date. *Drake* v. *Rogers*, 32 Maine, 524. So too, as between the parties, evidence may be received to prove that a transaction purporting to be of another date was in truth on Sunday.

But this suit is not between the original parties to the note. The plaintiffs claim the rights of *bona fide* indorsees. It is insisted in defence that, the defendant having violated the law and having falsely misdated his note, may, as against those who have relied upon the faith of his name, show that the note, which he caused to be put in circulation, was illegal in its inception, and was fraudulently misdated, for the error in its date could only have been for the purposes of decep-

Bank of Cumberland *v.* Mayberry.

tion. But the defendant cannot be permitted to set up his own fraudulent misdating of his notes to defeat the rights of those, who parted with value upon the faith that his notes were dated when, by his signature thereto, he represented them to be. In *Huston* v. *Young*, 33 Maine, 85, an attempt was made to show the date of a note wrong, thereby injuriously to affect the rights of an indorsee, but the evidence was rejected. " He," (the plaintiff,) remarks WELLS, J., " had no knowledge of any mistake in the date and had a right to regard it as correctly written. He was authorized to regard the note as the true exposition of the contract between the original parties, and he cannot be prejudiced in it, by any mistake of which he was ignorant." In the present case, it is not questioned that the plaintiffs took the note in ignorance of its false date, and, as between them and the defendant, they have a right to regard its apparent as its real date. In *Begbie* v. *Levi*, 1 Crompt. & Jer., 180, a question arose on an acceptance alleged to have been signed on Sunday. It was, however, denied that it was given on that day, " but, even assuming that it was, the Court," says GARROW, B., " would be clearly of opinion that it would not be competent to the defendant, who alone *had been guilty of a breach of the law*, to set up his own illegal act as a defence to the action, at the suit of an innocent holder of the bill."

It was held, in *Houlister* v. *Parson*, 9 Up. Can., 681, that a note made on Sunday, for goods, is not void in the hands of an innocent indorsee without notice. The same question again came before the Court of Queen's Bench of Upper Canada, in *Crombie* v. *Overholtzer*, 11 Up. Can., 55. " We take it to be clearly settled," remarks ROBINSON, C. J., in the latter case, " that when a statute does not provide that all securities shall be void, which shall be made in furtherance of such dealing as the statute prohibits, but merely prohibits the act and imposes a penalty, such statute has not the effect of making void, in the hands of an innocent indorsee for value, a negotiable instrument, which was made in furtherance of such a transaction." The authorities upon the

subject are most fully examined in an elaborate opinion of COLLIER, C. J., in *Saltmarsh* v. *Tuthill*, 13 Ala., 390, in which it was decided, that a *bona fide* indorsee of a note before its maturity, though the note was made on Sunday, might recover, if he took the same without notice of any facts affecting its validity. So in *State Capital Bank* v. *Thompson*, 42 N. H., 369, it was held, that a negotiable promissory note made and delivered on Sunday, though illegal and voidable as between the original parties thereto, yet, when indorsed before maturity to a *bona fide* holder, without notice of any defect, could not be impeached in his hands.

In *Com.* v. *Kendig*, 2 Barr., 448, there was evidence tending to show the bond in suit, which was an official one, to have been executed on Sunday, but the Court say, "granting that it was so, it is by no means clear that it is void as against those injured by the official misconduct of the officer, and entitled to claim the benefit of the bond, who were innocent parties, and not to be affected by the folly or turpitude of the obligors." "Such a construction of the act," said the Court, "would enable the obligors to take advantage of their own wrong as against persons who cannot, by any possibility, protect themselves. Where both parties are in default, there is a propriety in holding the bond void."

The evidence, that the note was dated on Sunday, cannot control or defeat the rights of the plaintiffs, who are shown to be *bona fide* holders without notice.

*Exceptions overruled.*

TENNEY, C. J., RICE, GOODENOW, DAVIS and KENT, JJ., concurred.